UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Kathleen LaForge

    v.                                  Civil No. 14-cv-413-PB

Comcast, and
David Naylor

**REPORT AND RECOMMENDATION**

Pro se plaintiff Kathleen LaForge has filed a complaint (doc. no. 1), which is before the court for preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2). LaForge has also filed a motion for a restraining order (doc. no. 3) which has been referred to this magistrate judge for a recommendation as to disposition.

**Standard**

In determining whether a pro se pleading states a claim, the court construes the pleading liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Disregarding any legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a facially plausible claim to relief. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

**Background**

Kathleen LaForge asserts that Comcast, the company that provides cable television, phone services, and internet access to her home, when they installed those services at her home, did something to enable Comcast to access her television and phone line.  LaForge asserts that undercover police officers, working as Comcast technicians, have lied to her, figured out her home security system, and broken into her home to steal – and then secretly return – paperwork, and to steal identification cards and/or documents from a "locked backpack."  Further, LaForge asserts that Comcast is working with David Naylor, an FBI agent who Comcast represents to be a Comcast supervisor.  LaForge says that Naylor has not assisted her in resolving her technical problems with Comcast's services, but instead, is improperly using her phone line, as well as her iPhone, her daughter's iPhone, and her daughter's tablet, for himself.  LaForge states that Comcast has destroyed three computers through a secure website, two iPhones, and a tablet, belonging to herself and her daughter.

**Discussion**

I.   <u>Comcast</u>

This court has jurisdiction over lawsuits that assert

claims presenting a federal question, pursuant to 28 U.S.C. § 1331, or that assert diversity of the parties and an amount in controversy in excess of $75,000, pursuant to 28 U.S.C. § 1332. LaForge has alleged no facts which demonstrate that Comcast has violated her rights under federal law, and the facts alleged do not appear otherwise to give rise to any federal claim. LaForge, thus, has not invoked the federal question jurisdiction of this court as to her claims against Comcast.  Further, LaForge has not asserted, and the court cannot reasonably infer, an amount-in-controversy in this case in excess of $75,000. Accordingly, LaForge has failed to invoke the federal question or diversity jurisdiction of this court as to her claims against Comcast.

II.  David Naylor

Construing the complaint generously, it appears LaForge may be attempting to assert a claim that Naylor, in his capacity as an FBI agent, has violated her Fifth Amendment substantive due process rights by improperly using her property.  LaForge's allegations are insufficient, however, to assert such a claim, as she has failed to allege "that the actions taken against [her] were so egregious as to shock the conscience." Gianfrancesco v. Town of Wrentham, 712 F.3d 634, 639 (1st Cir.

2013). Further, as stated above, LaForge has failed to allege an amount-in-controversy in this case sufficient to support diversity jurisdiction over any claim in this case, including those against Naylor.

III. State Law Claims

If the district judge accepts this report and recommendation, and dismisses the claims against Comcast and Naylor, the district judge should further decline to exercise its supplemental jurisdiction over claims in the complaint asserted under state law, see 28 U.S.C. § 1367(c)(2), and dismiss those claims without prejudice.

IV. Motion for Restraining Order (Doc. No. 3)

Because this court recommends dismissal of all of the claims in this action, the court finds that LaForge cannot demonstrate a likelihood of success on the merits of her claims. Such a showing is a prerequisite to obtaining preliminary injunctive relief. See Esso Standard Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006) ("if the moving party cannot demonstrate that he is likely to succeed in his quest," preliminary injunctive relief is properly denied without further analysis). Accordingly, LaForge's motion for a restraining order (doc. no. 3) should be denied.

**Conclusion**

For the foregoing reasons, the court recommends that the district judge dismiss the federal claims in this action asserted against defendants for failure to state a claim, and dismiss the state law claims, without prejudice to refiling in state court.  The court further recommends that the district judge deny the motion for a restraining order (doc. no. 3).

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

_____
Andrea K. Johnstone
United States Magistrate Judge

November 3, 2014

cc:   Kathleen LaForge, pro se